

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### OFFICE OF THE CLERK

# RUSHVILLE
# SCANNING COVER SHEET

**Notice – Please read and carefully follow these instructions:**

1. Each pleading must have this cover sheet on top.
2. Each pleading must be legible. Typed, double-spaced pleadings are preferred.
3. All pages must be numbered.
4. Each pleading must be scanned separately as one complete document. A pleading may not be scanned page by page. If the pleading is more than 25 pages, then the pleading must be scanned and submitted in multiple emails with a maximum size of 25 pages. The subject line of each email should specify the range of pages included within. (For example, a 40 page pleading would be broken into 2 emails, the first with a subject line "Email 1 of 2 – Pages 1-25" and the second with a subject line of "Email 2 of 2 – Pages 26-40".)
5. Discovery requests and responses are not filed with the Court unless they are part of a motion to compel. Discovery requests and responses shall not be electronically filed per Local Rule 26.3. However, a Certificate of Service may be scanned stating you have served your discovery documents on the other parties in the case.
6. Only lines and boxes included on this form should be filled out. Do not provide any other information regarding your pleading on this Scanning Cover Sheet.

**Please complete the following (Print):**

Date: Oct 5 2017

Name: Powers vs Jumper

Case Number: New Complaint  ☐ (Check here if this is a new case)

**Type of Pleading (Check only one):**

☐ Motion / Petition
☐ Response / Reply
☐ Other (Specify) _____

Title of Pleading: New Complaint
(For Example, "Motion to Compel" or "Response to Summary Judgment")

Number of Pages for this Pleading (Not Including Scanning Cover Sheet): 10 pgs

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Thomas Powers                            )
**PLAINTIFF**                            )
                                         )
VS.                                      )         CASE NO. _____
Shan Jumper                              )
Paula Lodge                              )         JUDGE:   _____
Jonathan Watson                          )
                                         )
                                         )
                                         )
                                         )
                                         )
**DEFENDANTS**                           )
_____


42 USC 1983
CIVIL RIGHTS COMPLAINT

JURISDICTION:

1. The jurisdiction of this court is invoked pursuant to the Civil Rights Act 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986 et seq. The judicial code, 28 U.S.C. 1331 and 1343(a), and supplementary jurisdiction pursuant to 28 U.S.C 1367(a).

2. This Court has authority pursuant to 28 U.S.C. 2201 and 2202 to provide appropriate declaratory relief as to matters within it's jurisdiction and has authority under 42 U.S.C 1988 to award attorney fees and cost to successful civil rights plaintiffs.

VENUE:

3. Pursuant to 28 U.S.C Section 1391(a)(1) and 29 U.S.C Section 1132(e)(2). Venue is proper in the Central District of Illinois, as this is where the Constitutional breach occurred and the Defendants are located in the District as well.

PARTIES:

4. The Plaintiff _Thomas Pavos_, was at all times relevant of this complaint a citizen of the United States of America, and as such is guaranteed all rights, priviledges, immunities and safeguards of the United States Constitution is entitled to it's protections.

5. Defendant _Shan Jumper_ was at all times relevant to this complaint an employee of the State of Illinois while acting under "color of law", and engaging in the conduct complained of herein. This defendant is personally involved and directly responsible for th eviolation of the Plaintiff's constitutional rights and is sued in his Individual capacity.

6. Defendant _Paula Lodge_, was at all times relevant to this complaint a contractual employee of the State of Illinois while acting under "color of law", and engaging in the conduct complained of herein. This defendant was personally involved and directly responsible for the violation of the Plaintiff's constitutional rights and is sued in his individual capacity.

2.

7. Defendant ~~SHAN JUMPER~~ Jonathan Watson, was at all times relevant to this complaint a contractual employee of the State of Illinois while acting under "color of law", and engaging in the conduct complained of herein. This defendant was personally involved and directly responsible for the violation of the Plaintiff's constitutional rights and is sued in his individual capacity.

8. Defendant_____, was at all times relevant to this complaint a contractual employee of the State of Illinois while acting under "color of law", and engaging in the conduct complained of herein. This defendant was personally involved and directly responsible for the violation of the Plaintiff's constitutional rights and is sued in their individual capacity.

9. Defendant_____, was at all times relevant to this complaint a contractual employee of the State of Illinois while acting under "color of law", and engaging in the conduct complained of herein. This defendant was personally involved and directly responsible for the violation of the Plaintiff's consitutional rights and is sued in their individual capacity.

10. Defendant_____, was at all times relevant to this complaint a _____ employee of the State of Illinois while acting under "color of law", and engaging in the conduct complained of herein. This defendant was personally involved and directly responsible for the violation of the Plaintiff's consitutional rights and is sued in their individual capacity.

FACTS:

11. Plaintiff is not a prisoner

12. Plaintiff is not being held for, or actively serving a sentence for any felony convictions.

13. Plaintiff is not being held for, or actively serving a sentence for any misdeamor convictions.

14. Plaintiff is not accused of, convicted of, sentenced for, or adjudicated fro, violations of criminal law or terms and conditions of parole, mandatory supervised release, probation, pretrial release, or diversionary program.

15. Plaintiff is detained pursuant to the Illinois Sexually Violent Persons Commitment Act (725 ILCS 207/1 et seq., for the purpose of psychiatric treatment for a psychological condition that has been diagnosed by a Doctor as mandating treatment for which even a lay person recognized the neccessity for Mental Health treatment.

16. The Defendants are legally responsible for providing treatment for my psychological and psychiatric needs have intentionally deprived me of my constitutional right to treatment based on inadequacy and financial concerns of the defendants.

17. Plaintiff arrived on _June 26 2012_ to the Illinois Department of Human Services Treatment and Detention based on an alleged mental diagnosis that the Plaintiff suffers from _Other Specified Paraphilic Disorder, Nonconsent_.

18. A paraphilia is recurrent intense sexual arousing, fantansies, urges or behaviors involving non-consenting persons.

19. In Kansas v. Hendricks, 521 U.S. at 368, 117 SCT 2072, the state represented to the Supreme Court that individuals committed under the Act at issue in that case were receiving in the neighborhood of 31-1/2 hours of treatment per week and the duration of program was 24 to 32 months.

20. Plaintiff receives approximately ___0___ minutes per week.

21. Defendants have and continue to fail to provide the Plaintiff adequate treatment.

22. Treatment plans are not detailed or individualized, treatment staff is not qualified or licensed to treat sexually violent persons.

23. Treatment provisions are a sham.

4.

24. Plaintiff adds the following additional facts per order of the Court.
25. Plaintiff's diagnosis is _Other Specified Paraphilic Disorder Non Consent_
26. Unlicensed therapists are a departure of Professional Judgement, if they are not licensed to evaluate or treat sex offenders.
27. Plaintiff has consented to treatment on _March 2013/ Orientation 2012_
28. The treatment the plaintiff is currently receiving is a cookie cutter treatment for everyone housed at the Rushville TDF under the care of the Defendants ~~Dimas, Caskey~~, Jumper and _Lodge Watson_.
29. The Treatment consists of Five phases,
    Phase One- "Assessment", not considered Sex Offender Specific Treatment, or considered "core treatment".
    Phase Two- "Accepting Responsibility" Considered to be "Core treatment".
    Phase Three- "Self Application".
    Phase Four- "Incorporation"
    Phase Five- "Transistion"
30. Plaintiff did not assist in or could he indeciding his treatment goals in his treatment plan.
31. Plaintiff since he consented for treatment and has remain in phase _One_, without any signs of progression.
32. Plaintiff is only receiving __0__ minutes per week.
33. Defendants ~~Dimas, Caskey~~, Jumper, _Lodge and Watson_ are all responsible for the denial of progression of treatment and will be proven through the Discovery Process.
34. The minimal and inadequate treatment is a departure of judgement.
35. Since the plaintiff's arrival the amount of treatment has been nearly next to nothing, to process his treatment.
36. The plaintiff has consented to treatment and is not on a waiting list.
37. To complete the Treatment five phases would take approximately 3000 hours.
38. Plaintiff is willingly to put the work in to complete this treatment or just progress in treatment but plaintiff is continously been denied to do so by the Defendants.
39. Plaintiff is housed on a 35 man unit and is unable to social interact with other TDF residents and is not allowed to work on treatment work on yards.

5.

41. Plaintiff's liberty is being denied and his right to be free from inhumane treatment and free from punishment.

42. Plaintiff has been denied less restrictive alternatives.

43. The Defendants have failed to perform risk assessment evaluations on the plaintiff to see if the plaintiff is presently sexually dangerous.

44. The Plaintiff has continously requested from ~~IDHS Secretary Dimas,~~ ~~Herbert Caskey of Liberty Health~~ Care, Clinical Director Shan Jumper, Team Leader _Paula Lodge_ and Primary Therapist _Jonathan Wakta_ for adequate treatment for this alledged mental disorder.

45. The Plaintiff pleads a state law claim under Illinois State Law against ~~Dimas, Caskey,~~ Jumper, _Lodge_ and _Wakon_ a Tort action of Intentional Infliction of Emotional Distress, pursuant to Pendant Supplemental Jurisdiction of this Court pursuant to 28 U.S.C. 1367(a).

46. The District Court has orginal jurisdiction over a Civil action such as a 1983 claim and also has Supplemental Jurisdiction over related State Law claims Pursuant to 28 U.S.C.1367(a) so long as the State Law Claims derive from a common nucleas of Operative fact with the orginal Federal claim, as it does in the present case at Bar.

47. The Defendants continous denial of adequate treatment depriving the plaintiff of his liberty interests to be free from inhuman treatment and to be free from punishment have caused the plaintiff severe infliction of hopelessnes as an emotional infliction of distress.

48. The Defendants have breached the contract between Liberty Health Care/Herbert Caskey and IDHS/Secretary Dimas by not providing adequate treatment.

49. Plaintiff's stay at the Treatment and detention Facility is punitive incarceration without meaningful opportunity for release.

50. The defendants are legally responsible for providing treatment for plaintiff's serious medical and psychological needs and refuse in lieu of financial concerns.

51. Plaintiff's plausible claim that fundamental liberty interest protected by the Fourteenth Amendment has been violated by this arbitrary action by the government.

52. Plaintiff must have a realistic opportunity to be cured and released.

53. Plaintiff's claim is based on the policy and procedures created and implemented by Defendants.

54. Plaintiff's denial of adequate treatment is a departure of professional judgement.

55. Plaintiff's due process rights have been violated by ~~Dimas/IDHS, Caskey of Liberty Health Care~~, Jumper, Lodge and Watson for failure to provide adequate treatment for the diagnosis of the plaintiff.

56. This is ongoing and continues to deprive Powers treatment

**LEGAL CLAIMS: DUE PROCESS VIOLATION FOR DENYING ADEQUATE TREATMENT, DENYING TO BE FREE FROM PHYSICAL RESTRAINT.**

### COUNT ONE

56. Plaintiff's realledges and incorporate by referencing paragraphs 1-55.

57. The Actions of the Defendants ~~Dimas, Caskey~~, Jumper, Lodge Watson depriving the Plaintiff with adequate treatment for the diagnosis the plaintiff suffers from is so minimal, so lacking that it has violated the Plaintiff's Due Process Rights under the Foureenth Amendment of the United States Constitution.

58. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

**LEGAL CLAIM: CLAIMS UNDER ILLINOIS STATE LAW TORT CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS PURSUANT TO PENDANT AND SUPPLEMENTAL JURISDICTION OF THIS COURT PURSUANT TO 28 U.S.C. 1367(a).**

### COUNT TWO

59. Plaintiff realledges and incorporate by referencing paragraphs 1-55.

60. Defendants James T. Dimas, Herbert Caskey, Shan Jumper, Lodge Watson, have all collectively sought to Intentionally Inflict Emotional Distress Upon the Plaintiff, and as such are named under Illinois Law, the Tort of Intentional Infliction of Emotional Distress, pursuant to

7.

pendant and supplemental jurisdiction of the Court pursuant to 28 U.S.C. 1367(a). All of these Defendants actions were and continue to be truly outrageous, calculated to cause emotional distress to the plaintiff of ordinary sensibilities. Each of these above named five Defendants all have met the following three components (1) Their Conduct involved was truly extreme and outrageous. (2) Each of these Defendants intended for their conduct to inflict severe emotional distress, and all of them knew that there was a high probability that their conduct would cause the plaintiff extreme emotional distress, and (3) Each of these Defendant's Conduct did in fact cause the plaintiff extreme emotional distress. Additionally, the conduct and actions of each of these defendants have gone beyond the bounds of decency and is considered intolerable in a civilized society. Also, all of the plaintiff's claim derive from a common nucleas of operative facts with the Federal claim. The District Court has orginal jurisdiction over a civil action as a 1983 claim; and it also has supplemental jurisdiction over all related claims pursuant to 1367(a), so long as the State law claims derive from a common nucleas of operative facts, as it does in the present case at bar. The actions of these defendants' conduct involved was truly extreme and outrageous. The actions of each of these defendants were intended to inflict extreme emotional distress and each of these defendants all knew that there was a high probability that their actions and conduct would cause the plaintiff extreme emotional distress, and each of these defendants conduct did cause the plaintiff extreme emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff;

61. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

62. A preliminary and permanent injunction ordering Defendants ~~Bimas, Caskey~~, Jumper, _Lodge WATSON_____, to stop denying the plaintiff adequate treatment and a duration of time for completiton of this program.

63. Compensatory damages in the amount of $250,000.00 dollars against each defendant, jointly and severally.

8.

64. Punitive damages in the amount of $500,000 against each defendant to deter any other to conduct similar action.

65. A jury trial on all issues triable by jury.

66. Plaintiff's cost in this suit.

67. Any additional relief this court deems just, proper and equitable.

Date:

Respectfully Submitted;

*Thomas Powers*

17019 County Farm Road
Rushville, Illinois 62681
217-322-3204

Subscribed and sworn to before me on
_____ day of _____, 2016.

_____
NOTARY PUBLIC

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alledged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of under the penalty of perjury that the foregoing is true and correct. Excuted at Rushville, Illinois on 10/5/17.

*Thomas Powers*

9.